**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **JOSEPH E. HERNANDEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION V-07-88** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Dkt. No. 1), filed by Joseph E. Hernandez ("Hernandez"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"). After considering Hernandez's petition, the record and the applicable law, the Court concludes that Hernandez's habeas petition should be denied.

**Procedural History**

According to Hernandez's petition, sometime in 1989 he pleaded guilty to aggravated sexual assault. Dkt. No. 1 at 2. Accordingly, on August 28, 1989, the 25th District Court of Lavaca County, Texas entered judgment against Hernandez and sentenced him to thirty-two years incarceration in the TDCJ-CID. *Id.* Hernandez apparently did not appeal his conviction. *Id.*; *see also* Texas Judiciary Website, http://www.13thcoa.courts.state.tx.us (no direct appeal filed). Furthermore, there is no indication that Hernandez filed a motion for new trial or any other post-conviction motions with the state court that would have tolled the appellate deadline under Texas law. *Id.*

On February 16, 2007, nearly eight years after the date of the criminal judgment, Hernandez filed a state application for a writ of habeas corpus under TEX. CODE CRIM. PRO. art. 11.07 asserting

various constitutional violations surrounding his guilty plea and conviction.  Dkt. No. 1 at 3; Texas

Court of Criminal Appeals Website, http//www.cca.courts.state.tx.us/opinions.  Pursuant to the

Texas Rules of Criminal Procedure, the application was forwarded to the Texas Court of Criminal

Appeals which denied it without a written order on May 9, 2007. *Id.* Finally, Hernandez filed his

federal petition for a writ of habeas corpus on October 3, 2007.  Dkt. No. 1 at 9; *Spotsville v. Cain*,

149 F.3d 374, 378 (5th Cir. 1998) (a federal habeas petition is considered filed on the date it is

placed in the prison mail system).

### One-Year Statute of Limitations

Hernandez's federal habeas petition is subject to the amendments to the federal habeas

corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  *See*

*Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed

after the AEDPA's April 24, 1996 effective date are subject to the provisions of that statute,

including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)).  Under the

AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year

limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

It is clear that Hernandez's challenge to his August 28, 1989 judgment and sentence is barred by the AEDPA's statute of limitations. Hernandez's judgment became final on September 28, 1989 due to his failure to file a timely notice of appeal. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (when a petitioner fails to appeal, the limitations period begins to run from the expiration of the time to appeal); TEX. R. APP. P. 26.2(a)(1) (West 2003) (defendants must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in open court"). However, in cases where the limitations period expired before the AEDPA's enactment, as is the case here, the petitioner is provided a one-year grace period in which to file a federal habeas petition. *United States v. Flores*, 135 F.3d 1000, 1002-05 (5th 1998). In the event a petitioner is entitled to the one-year grace period, the grace period begins to run with the passage of the AEDPA on April 24, 1996 and closes on April 24, 1997. *See Flanagan*, 154 F.3d at 202 (establishing April 24, 1997 as the last day of the grace period to file a timely federal habeas petition). Thus, Hernandez's October 3, 2007 federal habeas petition was filed nearly ten years late.

Although Hernandez filed an application for writ of habeas corpus with the Texas Court of Criminal Appeals in 2007, the statute of limitations concerning his federal habeas petition had already long expired, rendering his petition to this Court untimely. *See Villegas v. Johnson*, 184 F.3d

3

467, 472 (5th Cir. 1999) (an expired limitations period cannot be revived by filing a state habeas petition). Hernandez's habeas petition is therefore patently time-barred unless he can show that the limitations period was tolled either by statute as set forth in 28 U.S.C. § 2244(d) or under principles of equity.  Hernandez neither asserts, nor can the Court otherwise identify, anything in his petition that supports extending the applicable limitations period.  Because Hernandez does not satisfy any of the exceptions to the AEDPA's statute of limitations, his habeas petition is hereby dismissed as time-barred.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA").  28 U.S.C. § 2253(c)(1)(A).  A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2254(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  Although Hernandez has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for a district court to address sua sponte the issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is unnecessary for the Court to address whether the § 2254 petition before this Court states a valid claim of the denial of a constitutional right, because Hernandez cannot establish the second *Slack* criteria.  That is, the Court concludes that reasonable jurists could not debate the denial of his § 2254 petition on procedural grounds.  Under the plain record of this case, Hernandez's claims are barred by the applicable statute of limitations.  Accordingly, Hernandez is not entitled to a COA.

**Conclusion**

For the foregoing reasons, Hernandez's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is DENIED.   The Court also DENIES Hernandez a Certificate of Appealability.

It is so **ORDERED**.

Signed this 10th day of April, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE